## THE PENOKEE.

(Circuit Court of Appeals, Sixth Circuit. November 14, 1898.)

### Nos. 573-575.

MARITIME LIENS—WAGES AND ADVANCES—EVIDENCE.

Evidence considered, and *held* insufficient to satisfy the court of the bona fides of certain claims for wages and advances which were alleged to constitute maritime liens entitled to precedence over a mortgage on the vessel.

Appeal from the District Court of the United States for the Eastern District of Michigan.

Fred C. Harvey, for appellants.

I. M. Huntsberger, for appellee.

Before TAFT and LURTON, Circuit Judges, and CLARK, District Judge.

LURTON, Circuit Judge. Three appeals by intervening libelants have been heard together. They are as follows: First, that of Nettie Lasch, who filed a claim for wages alleged to be due her as cook for the seasons of 1894 and 1895; second, that of Pearl C. Klumph, who intervened to recover wages claimed as due him as seaman for 1894 and 1895; and third, that of William C. Klumph, who has filed a claim for money which he claims was advanced by him for repairs to be made

upon the vessel. The schooner Penokee was sold in the spring of 1894 to Almond P. Klumph, who paid part cash, and executed a mortgage upon the vessel for the remaining purchase money, which was duly recorded. The mortgagor covenanted not to involve the vessel in debt, while the mortgage continued, beyond $300, and gave a bond with personal security to secure the mortgagee against a breach. The Penokee was sailed during the seasons of 1894 and 1895, by her owner, Almond P. Klumph, as master, and in November, 1895, was libeled for wages and supplies, etc. The mortgagee intervened, and set up the unpaid purchase money so secured by mortgage. The vessel has been sold. Her proceeds are insufficient to pay off the maritime liens allowed as preferences and the mortgagee. The claims of the three appealing libelants were allowed in full by the commissioner to whom they were referred. Exceptions were filed by the mortgagee, which were sustained by the court, so far as to disallow so much of the claims of Nettie Lasch and Pearl Klumph as sought to recover for wages claimed as earned in 1894. The claim of W. C. Klumph was disallowed altogether. The libelants only have appealed.

The record has been carefully read. The owner, Almond P. Klumph, is the father of the two libelants, Pearl and W. C. Klumph, and the friend and intimate of his cook, the libelant Nettie Lasch. It is also shown most conclusively that this owner and mortgagor entertained malicious feelings towards the mortgagees of his vessel. The evidence fails to satisfy us as to the bona fides of any of these claims, and fails to remove the suspicion of a family conspiracy to concoct claims which would prejudice the mortgagee, the mortgagor being insolvent, and his indemnity bond worthless. Making every allowance for the weight to be attached to a commissioner's report where evidence is conflicting, we are unable to see any error in the ruling of the district court upon the exceptions to that report filed by the mortgagee. The evidence is voluminous, and we only deem it necessary to state our conclusions. The decrees appealed from will be affirmed, with costs.